UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Samantha Chian,<br><br>    Plaintiff,<br><br>  v.<br><br>State Farm Fire & Casualty Company,<br><br>    Defendant. | Case No. 2:25-cv-00138-CDS-BNW<br><br>**ORDER** |

Before this Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. ECF No. 18. Defendant opposed (ECF No. 21), and Plaintiff replied (ECF No. 22). This Court grants Plaintiff's Motion as Defendant fails to meet its burden of showing that Plaintiff acted in bad faith or that the proposed amendment is futile.

**I.     LEGAL STANDARD**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The party opposing amendment bears the burden of showing why leave should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the

analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

A motion to amend is made in bad faith when there is "evidence in the record which would indicate a wrongful motive." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015).

"Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

II.   **ANALYSIS**

Plaintiff seeks to amend her complaint to "assert a claim for Reformation of Contract and to conform her complaint to the evidence." Defendant does not argue there has been undue delay, that Plaintiff has previously amended the complaint, or that it will suffer prejudice[1].

---

[1] It is not clear whether Defendant is asserting prejudice. Defendant mentions that amendment will lead to unnecessary motion practice and require it to file a motion for summary judgment as to this additional cause of action. But Defendant makes these statements within the section entitled "Futility" and does not otherwise develop the prejudice argument. To the extent is intends to argue prejudice, Defendant has not carried its burden. The non-moving party must show the prejudice is substantial. *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (*citing Morongo Band of Mission Inidans v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Having to engage in motion practice and the need to file a summary judgment—without more—does not demonstrate substantial prejudice.

Instead, Defendant argues Plaintiff is acting in bad faith and that amendment would be futile.

Starting with bad faith, Defendant takes issue with the notion that the Second Amended Complaint "conform[s] to the evidence." In fact, Defendant argues Plaintiff is acting in bad faith as she is incorrectly citing to documents to support her claim that she was to be added to the umbrella policy. In this same vein, Defendant argues the documents actually show Plaintiff was never intended to be added to the umbrella policy.

But in order to agree with Defendant, this Court would have to engage in factual findings. At this stage, this Court is to accept the pleaded facts as true. As a result, while Defendant's argument may have merit in the Rule 11 context, it does not provide a basis for denying Plaintiff's motion. In short, this Court cannot derive an "intent to deceive, harass, mislead, delay, or disrupt" with the record before it. And whether the allegations do indeed conform to the evidence will be determined at a later date.

Next, for this Court to deny amendment based on futility, Defendant must establish that Plaintiff "can prove no set of facts" relevant to the Reformation claim. *Barahona*, 881 F.3d at 1134. Again, this Court is to accept all pleaded facts as true in making this determination. Defendant's only basis to support its futility argument is that Plaintiff is mischaracterizing the alleged facts. Whether the facts are what the Plaintiff represents they are or not—and, in turn, whether Plaintiff is entitled to relief—is a determination for a later stage. For now, this Court allows the amendments.

//
//
//
//
//

**III.    CONCLUSION**

IT IS ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 18) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must file the Proposed Amended Complaint on the docket within 7 days from today.

DATED: July 18, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE