**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Samantha Chian,

Plaintiff,

v.

State Farm Fire & Casualty Company,

Defendant.

Case No. 2:25-cv-00138-CDS-BNW

**ORDER**

Before this Court is Plaintiff's motion to modify the scheduling order and for leave to file a third amended complaint. ECF No. 45. Defendant State Farm opposed (ECF No. 46), and Plaintiff replied (ECF No. 47). This Court held a motion hearing on July 16, 2026.

Because Plaintiff has demonstrated good cause and excusable neglect under Fed. R. Civ. P. 16(b) and LR 26-3, and because State Farm has not carried its burden of showing that leave should be denied under Rule 15(a), this Court grants the motion.

## I. BACKGROUND

This case arises from State Farm's handling of Plaintiff's claims following a June 16, 2018, motor vehicle collision. Plaintiff was operating a vehicle owned by her employer, Richard Harris, who maintained two State Farm policies: an auto liability policy with UIM coverage of $500,000 (the "Auto Policy") and a personal liability umbrella policy with UIM coverage of $10 million (the "PLUP"). ECF No. 46.

Plaintiff filed her original complaint on January 23, 2025. ECF No. 1. Before serving any defendant, she filed a First Amended Complaint ("FAC") on February 15, 2025, as a matter of course. ECF No. 5. The FAC alleged breach of contract, bad faith, and violations of NRS 686A.310. *Id.* The deadline to amend pleadings was June 24, 2025, and no subsequent stipulation extended it. ECF No. 20. Shortly before this deadline, Plaintiff moved for leave to file a Second Amended Complaint adding a reformation claim. ECF No. 18. This Court granted the motion on

July 18, 2025, (ECF No. 23) and the Second Amended Complaint was filed shortly thereafter. ECF No. 24.

The present dispute boils down to two issues: whether the second amended complaint was pleaded broadly enough to include both policies and, if not, whether State Farm has been litigating this case with an implied understanding that both policies were at issue. Relevant to this inquiry, Plaintiff transmitted proposed deposition topics expressly addressing State Farm's handling of both the Auto Policy and the PLUP, including their respective claims, coverage analyses, and reserves, on January 13, 2026. ECF No. 45-1 at 2. After months of disputes concerning the scope of the deposition topics, which continued through April 2026, Plaintiff testified on April 13 and 14, 2026, regarding both policies.

## II. <u>THE PARTIES' ARGUMENTS</u>

Plaintiff argues she has been diligent because the need to amend did not arise until State Farm's Rule 30(b)(6) objections revealed a dispute over whether the operative pleading reached State Farm's handling of the UM/UIM auto claim, and because she moved within approximately six weeks of the depositions. ECF No. 45 at 4. She contends the proposed amendment conforms the pleading's framing allegations to claims already pleaded and already in discovery, and that State Farm faces no prejudice because discovery on the auto-handling conduct has already occurred. *Id.* at 8.

State Farm responds that the motion is untimely, having been filed over one year after the amendment deadline expired.[1] ECF No. 46 at 7. It argues Plaintiff has not been diligent because she has known of both policies since before this case was filed. *Id.* at 8-10. Moreover, it argues it has previously put Plaintiff on notice as its opposition to the first motion to amend argued the futility of the PLUP's policy and that those arguments did not address the UM/UIM policy. *Id.* It also contends the proposed Third Amended Complaint does not conform the pleading but adds express reference to the Auto Policy to the causes of action, and that granting leave would require

[1] The deadline to amend was June 24, 2025, and the instant motion was filed June 1, 2026.

additional written discovery, the retaking of depositions, and the reopening of expert disclosures. *Id.*

## III. LEGAL STANDARD

When a party seeks leave to amend after the deadline in the scheduling order has expired, the motion is governed by a two-step inquiry. The party must first demonstrate good cause under Rule 16(b), which "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Because the motion was filed after the deadline expired, LR 26-3 additionally requires a showing that the failure to act was the result of excusable neglect, evaluated under four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

If these showings are made, the court turns to Rule 15(a), under which leave should be freely given when justice so requires. The court considers bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The party opposing amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice, which carries the greatest weight. *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 342–43 (D. Nev. 2022); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

### A. Plaintiff has shown good cause under Rule 16(b).

Rule 16(b)'s diligence inquiry asks whether the need to amend could reasonably have been anticipated before the deadline expired, and whether the movant acted promptly once that need became apparent. *Houston Cas. Co. v. Findlay Mgmt. Grp.*, No. 2:24-CV-01459-ART-NJK, 2026 WL 269751 * 1 (D. Nev. Jan. 15, 2026).

On this record, the need to amend did not become apparent until the Rule 30(b)(6) process. Before the June 24, 2025, amendment deadline, there does not appear to have been a

dispute over the scope of the pleading. State Farm points to its opposition to amend filed in July 2025 where it argued that amendment was futile because Plaintiff did not qualify as an "insured" under the PLUP's definitions. And while that briefing should have raised some red flags as to whether State Farm read the operative pleading as excluding the auto-handling conduct, its conduct throughout discovery indicated otherwise.

What the record does show is a course of conduct in which both parties litigated the auto-handling conduct as part of the case. Plaintiff transmitted Rule 30(b)(6) topics in January 2026 expressly covering State Farm's handling of both policies, including claims handling, coverage analyses, and reserves. The scope dispute first surfaced in State Farm's January 23, 2026, objections. Rather than move to amend immediately, Plaintiff first revised the topics in February, formalized them in a Second Amended Notice in March, and conferred with State Farm by telephone in April. And ultimately, State Farm produced witnesses who testified as to both policies. This Court does not fault Plaintiff for attempting to resolve the dispute the way she did before resorting to motion practice. Once the depositions concluded on April 13 and 14, 2026, Plaintiff filed the instant motion.

Accounting for the date on which the issue arose and the parties' efforts to resolve the dispute since then, this Court finds Plaintiff acted with the diligence Rule 16(b) requires.

**B. Plaintiff has shown excusable neglect.**

The *Bateman* factors support the same conclusion.

First, the danger of prejudice to State Farm is limited. While State Farm may need to re-take some additional depositions, State Farm has already produced three Rule 30(b)(6) designees on topics encompassing its handling of both policies, and itself deposed Plaintiff and Mr. Harris. Thus, it appears the bulk of the discovery on the auto-handling conduct has already taken place. In addition, as explained below, this Court will extend all deadlines by four months to allow for supplemental discovery.

Second, the length of the delay and its impact on the proceedings are modest. Plaintiff moved within approximately six weeks of the depositions, discovery remains open, and no trial date has been set.

Third, the reason for the delay is legitimate: the need to amend surfaced through the Rule 30(b)(6) process, and the intervening months reflect the parties' efforts to resolve the scope dispute, rather than inattention.

Fourth, this Court finds no evidence that Plaintiff acted in bad faith. State Farm's bad-faith argument is addressed more fully below.

**C. State Farm has not met its burden under Rule 15(a).**

**1. Undue Delay**

Delay alone, without prejudice or bad faith, is insufficient to deny leave to amend. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016). This Court has found good reasons underlying the delay. Moreover, as explained below, this Court does not find either prejudice or bad faith. Thus, this factor does not support denial.

**2. Bad Faith**

A motion to amend is made in bad faith where the record reflects a wrongful motive. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). State Farm argues that Plaintiff's characterization of the amendment as "conforming" the pleading is a misrepresentation because the proposed Third Amended Complaint adds express references to the Auto Policy to the first three causes of action. This Curt agrees with State Farm that the proposed pleading does more than adjust framing language. But the parties' disagreement over how to characterize the amendment is not evidence of a wrongful motive. Whether the amendment is described as clarifying or as adding, the conduct it reaches (State Farm's handling of the UM/UIM auto claim) has been the subject of discovery, including depositions.

**3. Repeated Failure to Cure Deficiencies**

The First Amended Complaint was filed as a matter of course (before service) and involved no motion practice or ruling on the merits. In substance, Plaintiff has sought leave to amend once before, and this Court granted that motion without identifying any deficiency requiring correction. There is no pattern of repeated amendment here.

/ / /

/ / /

**4. Undue Prejudice**

This factor carries the greatest weight, and the showing must be substantial. *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015). For the reasons discussed in connection with excusable neglect, State Farm's assertions of additional discovery do not meet that standard on this record, where the auto-handling conduct has already been the subject of discovery, discovery remains open, and no trial date has been set.

Finally, a practical consideration supports amendment now. Because the parties have litigated and conducted discovery on the auto-handling conduct, denying leave would not necessarily keep that conduct out of the case. It would instead leave open the prospect of a motion under Rule 15(b) to conform the pleadings to the evidence during or after trial, with Plaintiff relying on the very discovery record described above to argue that the issue was tried with State Farm's express or implied consent. Fed. R. Civ. P. 15(b)(2). It makes more sense to permit the amendment now — while State Farm has time, under the extended schedule set forth below, to take whatever discovery it contends it needs — than to confront the same question at a stage when no discovery could cure any resulting prejudice.

**5. Futility**

State Farm's futility argument does not engage the governing standard. Amendment is futile only where the amended pleading could not survive dismissal, *Hassan v. Bondi*, 823 F. Supp. 3d 1243, 1248 (W.D. Wash. 2026), and challenges to the merits of a proposed pleading are ordinarily deferred to a motion to dismiss or for summary judgment, *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Modify the Scheduling Order and for Leave to File Third Amended Complaint (ECF No. 45) is **GRANTED**. Plaintiff is directed to file an edited version of the Third Amended Complaint (ECF No. 45-2) that does not include the UM/UIM claims as part of the breach of contract claim.[2]

---

[2] Plaintiff explained during the hearing that the breach of contract claim need not be amended.

**IT IS FURTHER ORDERED** that the following deadlines will govern this case:

Expert disclosures: September 16, 2026

Rebuttal expert disclosures: October 16, 2026

Close of discovery: November 16, 2026

Dispositive motions: December 16, 2026

Joint pretrial order: January 16, 2027 (or 30 days after an order on any dispositive motions that may be filed)

DATED: July 17, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE